IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JESUS SANDOVAL, <br><br>    Plaintiff, <br><br>v. <br><br>RESURGENT CAPITAL SERVICES, L.P. <br><br>and <br><br>LVNV FUNDING LLC <br><br>    Defendants. | **COMPLAINT** <br><br> Case No.: 6:21-cv-00069 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Jesus Sandoval, by and through the undersigned counsel, and for his Complaint against Defendants, Resurgent Capital Services, L.P. (hereinafter "Resurgent Capital") and LVNV Funding LLC (hereinafter "LVNV") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") states as follows:

## JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4. Defendants' collection activities violated the FDCPA.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v.

1

Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

6. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

7. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

8. Plaintiff, Jesus Sandoval (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

9. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

10. Defendant, LVNV is a Delaware corporation with its principal place of business at 200 Meeting Street Suite 206 in Charleston, South Carolina 29401. The principal business purpose of Defendant LVNV is debt buying, whereby Defendant Resurgent Capital buys outstanding debt obligations and then retains lawyers or collection agencies to collect the debts alleged due.

11. Defendant LVNV, is a debt collector as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the State of Texas. In fact, Defendant was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

12. Defendant Resurgent Capital is a Delaware corporation with its principal place of business at 200 Meeting Street Suite 206 in Charleston, South Carolina 29401. The principal business purpose of Defendant Resurgent Capital is the collection of debts in Texas and Nationwide, and Defendant regularly attempts to collect debts alleged due to another.

13. Defendant, Resurgent Capital, is a debt collector as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the State of Texas. In fact, Defendant was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

**FACTUAL ALLEGATIONS**

14. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Resurgent Capital and LVNV.

15. On or about August 13, 2020, Plaintiff had a telephone conversation with Defendant Resurgent Capital regarding an alleged debt allegedly owed by Plaintiff.

16. The alleged debt was said to be owed to Credit One for a personal credit card and would therefore only have been incurred for personal, family or household purposes.

17. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

18. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. During the telephone call, Plaintiff informed Defendant's representative he was disputing the alleged debt as he felt he was being overcharged.

20. At that time, instead of marking the account as disputed and ending the phone call, Defendant's representative asked what he was disputing.

21. When Plaintiff again asked to dispute the debt, Defendant Resurgent Capital's representative proceeded to tell Plaintiff that if he wanted the debt off of his credit report he would need to pay the balance in full, after Plaintiff clearly stated that he wanted to dispute the account.

22. Defendant Resurgent Capital's representative could have no other purpose unless she were trying to force Plaintiff to pay on the alleged debt that Plaintiff clearly did not believe he owed and would not have otherwise paid.

23. Plaintiff is entitled to dispute the alleged debt for any reason, or even no reason at all. Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999).

24. Resurgent Capital is required to provide the consumer with validation, mark the account as disputed, and immediately cease collection activity until proper validation has been provided.

25. Defendant Resurgent Capital's representative is not given the authority under law to determine what she finds to be a proper or valid dispute. Defendant's representative could have no other purpose in doing so unless she were trying to prevent Plaintiff from disputing the account.

26. Defendant Resurgent Capital's representative oppressed Plaintiff's rights by not immediately ceasing communication after acknowledging the dispute of the alleged debt.

4

27. Furthermore, once Plaintiff disputed the debt, Defendants were required to mark the account as disputed if it chose to voluntarily report to the Credit Reporting Agencies, specifically TransUnion.

28. LVNV was voluntarily reporting a collection account on Plaintiff's credit report with the credit reporting agencies.

29. LVNV's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

30. On or about November 3, 2020, Plaintiff received an updated credit file from TransUnion. **Exhibit A.**

31. That the credit report was updated on October 6, 2020 by LVNV Funding, LLC.

32. Upon information and belief, LVNV knew of the conversation between Plaintiff and Resurgent as Resurgent was acting as its agent.

33. In fact, LVNV when reporting on the credit, lists its address as "care of Resurgent Capital Services."

34. That the updated October 2020 credit report did not contain updated account information.

35. That the updated October 2020 credit report did not contain updated marked as disputed information.

36. That LVNV furnished information to TransUnion regarding Plaintiff's account without notifying them the account had been disputed by consumer.

37. That Resurgent Capital failed to update the account information and LVNV failed to mark the account as disputed on the updated October 2020 credit report after Plaintiff disputed the account in August 2020.

38. Upon information and belief, that Resurgent Capital never updated the account information and LVNV never marked it as disputed even after receiving information of the dispute.

39. All of Defendants' actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

40. All of Defendants' actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

41. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the Defendants.

42. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by Defendants.

43. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by Defendants.

44. Plaintiff has suffered actual harm based on his costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

45. Defendants' action has created an appreciable risk of harm to the underlying concrete interests that Congress sought to protect in creating the FDCPA.

46. Plaintiff would have pursued a different course of action had Defendants not violated the statutory protections created by Congress.

47. Plaintiff attempted to pursue his rights yet was left with no actual knowledge as to how to proceed based on Defendants' actions.

48. Defendants' denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status of his debt in order to make a rational determination as to how

to proceed and forcing him to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

49. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

50. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

51. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

52. Defendant LVNV exercised control over Defendant Resurgent Capital's conduct and attempts to collect the alleged debt. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000); Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y. 2013); See also, e.g., Plummer, 66 F. Supp. 3d at 493; Fritz v. Resurgent Cap. Servs., LP, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006); Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). See also, e.g., Nichols v. Niagara Credit Recovery, Inc., No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May 7, 2013); Sanchez v. Abderrahman, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

53. Defendant LVNV is vicariously liable for Defendant Resurgent Capital's actions as they had agency over determining the amount of the alleged debt that the debt collector, Defendant Resurgent Capital, was allowed to attempt to collect on their behalf.

54. Defendant Resurgent Capital would not legally be allowed to collect the alleged debt on behalf of LVNV if Defendant LVNV had not in fact given them approval or agency to act on their behalf to collect in a manner LVNV had knowingly approved or permitted.

55. Upon information and belief, Defendant LVNV gave Defendant Resurgent Capital the green light, and thus agency, to attempt to collect the alleged debt in the manner in which Resurgent Capital did.

### Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions

56. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

57. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. Because Plaintiff disputed the debt, Defendants, when choosing to contact the consumer reporting agencies, were obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

59. Defendants used deceptive and misleading tactics when they communicated personal credit information which was known or which should have been known to be false, including the

8

failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See <u>Sayles v. Advanced Recovery Systems, Incorporated</u>, 865 F.3d 246, 249 (5th Cir. 2017); <u>Brady v. Credit Recovery Co.</u>, 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

60. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard. See, <u>Goswami v. Am. Collections Enter., Inc.</u>, 377 F.3d 488, 495 (5th Cir. 2004); <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, <u>Goswami</u>, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

61. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

62. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

63. Defendants' communications with Plaintiff were deceptive and misleading.

64. Defendants used unfair and unconscionable means to attempt to collect the alleged debt.

65. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

66. Defendants' failure to mark a debt as disputed they know or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

67. Defendants' conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding his situation.

68. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

69. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendants' conduct.

70. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

71. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

72. Defendants' violation of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jesus Sandoval, prays that this Court:

    A.    Declare that Defendants' debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Jesus Sandoval, and against Defendants for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**Count II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse**

73. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

74. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

75. Defendants' communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

76. Defendants attempted to coerce Plaintiff into paying an alleged debt he otherwise would not have paid by submitting false and inaccurate information to his credit report.

77. Defendants could have no other purpose in doing this except to harm Plaintiff's reputation and deprive him of his ability to receive any type of credit line unless he paid the alleged debts.

78. Defendants' violation of § 1692d of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jesus Sandoval, prays that this Court:

A. Declare that Defendants' debt collection actions violate the FDCPA;

  B. Enter judgment in favor of Plaintiff Jesus Sandoval, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

  C. Grant other such further relief as deemed just and proper.

## COUNT III: Violations Of § 1692f Of The FDCPA – Misleading Representations & Unfair Practices

79. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

80. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

81. Defendants attempted to collect a debt by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

82. Defendants used unfair and unconscionable means to attempt to collect the alleged debt.

83. Defendants' violation of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jesus Sandoval, prays that this Court:

  A. Declare that Defendants' debt collection actions violate the FDCPA;

  B. Enter judgment in favor of Plaintiff Jesus Sandoval, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

  C. Grant other such further relief as deemed just and proper.


### Count IV: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute

84.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

85.     Defendants violated 15 U.S.C. § 1681s-2(b) by continuing to report the Resurgent Capital representation within Plaintiff's credit file with TransUnion without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the Defendants' representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Defendants' representations to the consumer reporting agencies.

86.     As a result of this conduct, action and inaction of Defendants, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

87.     Defendants' conduct, action and inaction were willful, rendering them liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

88.     Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jesus Sandoval, prays that this Court:

A.      Declare that Defendants' credit reporting actions violate the FCRA;

      B.      Enter judgment in favor of Plaintiff Jesus Sandoval, and against Defendants', for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

      C.      Or, in the alternative, enter judgment in favor of Plaintiff Jesus Sandoval, and against Resurgent Capital, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

      D.      Grant other such further relief as deemed just and proper.

## JURY DEMAND

89.      Plaintiff demands a trial by jury on all Counts so triable.

Dated: February 17, 2021

Respectfully Submitted,

**HALVORSEN KLOTE**

By:    /s/ Joel S. Halvorsen

Joel S. Halvorsen, #67032
Samantha J. Orlowski, #72058
Halvorsen Klote
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com
sam@hklawstl.com